# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES CAPPADONIA,

             Petitioner,

       -vs-

TIMOTHY BRUNSMAN, Warden,
  Lebanon Correctional Institution,

             Respondent.

:

:

:

Case No. 1:11-cv-346

District Judge William O. Bertelsman
Magistrate Judge Michael R. Merz

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Petitioner's Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations (Doc. No. 15). The Warden has filed a Response to the Objections (Doc. No. 22) and Judge Bertelsman has recommitted the case to the undersigned for supplemental analysis (Doc. No. 21).

Petitioner was found guilty by a jury of two counts of rape of a minor under thirteen and one count of gross sexual imposition. The conviction was affirmed on direct appeal and Petitioner, represented by counsel, filed the instant habeas action. He pled three Grounds for Relief:

1. Denial of a fair trial when the State's medical expert vouched for the credibility of the victim.

2. Denial of his right to confront the social worker on whose report the medical expert

1

relied.

3.  Prosecutorial misconduct.

(Amended Petition, Doc. No. 10, PageID 6-8.)


## Contemporaneous Objection


All of Petitioner's claims were raised in one form or another on direct appeal.  The Hamilton County Court of Appeals held as to each one that Mr. Cappadonia had waived all but plain error review by failing to make a contemporaneous objection. *State v. Cappadonia*, Case No. CA2008-11-138, 2010 Ohio 494, 2010 Ohio App. LEXIS 419 (Ohio   App. 12th Dist. Feb. 16, 2010).   The Report and Recommendations recommended dismissing all three Grounds for Relief as procedurally defaulted on that basis (R&R, Doc. No. 15, PageID 843-845, 852-855, 857-861).

Petitioner's Objections claim that he made a sufficient contemporaneous objection to preserve all three issues for appeal.   As to the First and Second Grounds for Relief, he points to his objection to admission of the social worker's report when the document was offered as an exhibit. (Objections, Doc. No. 20, PageID 874-876, and Exhibit A, pp. 252-253 from the trial transcript.) As to the Third Ground for Relief, Petitioner makes no specific objection to show that he did indeed object to the prosecutor's comments.   Instead, he asserts in conclusory fashion "[t]he Magistrate's [sic] conclusion all three grounds for relief were procedurally defaulted is wrong." *Id.* at PageID 878-879.

Petitioner's objections relating to the contemporaneous objection rule are entirely based on

Ohio law.[1]  For purposes of federal habeas analysis, whether the Hamilton County Court of Appeals was correct or incorrect in its application of the Ohio contemporaneous objection rule is a completely academic question.  A federal habeas court has no authority to second-guess a state court on its rulings on questions of state law.  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Evidentiary questions in particular generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983);  *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975).

The Report separately noted that the Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent state ground (R&R, Doc. No. 15, cases cited at PageID 843).  Petitioner makes no objection to this conclusion.

The Magistrate Judge again respectfully recommends that all three Grounds for Relief be dismissed as procedurally defaulted because, as the Hamilton County Court of Appeals found, Petitioner did not contemporaneously object.

---

[1] Except for *United States v. Gomez,* 921 F.2d 378 (1st Cir. 1990), cited at PageID 877, which strictly enforced the **federal** contemporaneous objection rule in Fed. R. Evid. 103and did not apply any constitutional analysis.

**Lack of Fair Presentation**

The Report also concluded that the First Ground for Relief was procedurally defaulted by failure to present it to the state courts as a federal constitutional claim (Report, Doc. No. 15, PageID 846-848).

Petitioner objects that he did fairly present this as a constitutional claim when he objected as follows:

> The Court:  Basis of the objection being?  Mr. Longano, the basis to your objection?
>
> Mr. Longano  It's hearsay and the social worker is not present, the defense had no opportunity to cross examine the social worker and I believe that the doctor has testified that she did in fact rely on portions of what I'll objecting to and that would be the basis of my objection.

(Trial transcript at 252-253, quoted at Objections, Doc. No. 20, PageID 875).

Petitioner's objection is misplaced.   The Report did not find lack of fair presentation from parsing the language of Mr. Longano's objection at trial.   Rather, the Report found that Petitioner did not fairly present a Confrontation Clause question to the Hamilton County Court of Appeals (R&R, Doc. No. 15, PageID 847-848).   Although Petitioner explicitly phrased his Second Assignment of Error as a Confrontation Clause claim, the Court of Appeals found that Mr. Longano's objection had not been specific enough to preserve that claim.   It held:

> ¶ 28 At the outset, we note that appellant did not object when Makoroff read the contents of the assessment into evidence from the witness stand. Moreover, although he objected to the admission of the assessment into evidence as a state exhibit, the objection was not based on the specific ground that he now advances on appeal. Evid.R. 103(A)(1) provides that a claim of error may not be predicated upon a ruling that admits or excludes evidence unless a

4

substantial right of the party is affected and, if the ruling is one admitting evidence, the opponent of the evidence raises a timely objection to the evidence, stating the specific ground of objection, unless the ground of objection is apparent from the context. See *State v. O'Connor*, Fayette App. No. CA2007-01-005, 2008-0hio-2415, ¶ 27. In this case, appellant's objection was based on hearsay grounds, and our review of the record indicates that the trial court's comments in overruling his objection focused on whether the statements fell under the hearsay exception for statements made for purposes of diagnosis and treatment. [footnote omitted] There is no indication that the court understood that appellant was challenging the admission of those statements as violating his rights under the Confrontation Clause. See *State v. Schewirey*, Mahoning App. No. 05 MA 155, 2006-0hio-7054, ¶ 16.

¶ 29 As a result of appellant's failure to specifically object to the admission of the social worker's assessment on Confrontation Clause grounds, we need only determine whether the admission of the assessment constituted plain error on the part of the trial court, O'Connor at ¶ 28, Upon review, we find that appellant has failed to demonstrate the existence of plain error. Initially, we note that the first sentence of the assessment summarily recounts the history provided to the social worker by V.P. As a result, V.P. is the out-of-court declarant with respect to that statement. Because V.P. testified at trial and was subject to cross-examination with regard to her interview with the social worker, the Confrontation Clause is not implicated, See *State v. Williams*, Butler App, No, CA2007-04-087, 2008-0hio-3729, ¶ 31.

*State v. Cappadonia, supra,* copy at Return of Writ, Doc. No. 8, PageID 365-366.

Here again, the question is one of state law:  how specific must an objection be to preserve

an issue for direct appeal?   The Hamilton County Court of Appeals decided this question of state

law adversely to Petitioner and this Court is bound by that court's interpretation of state law.[2]

---

[2] If there were some indication that the Ohio courts applied a different and stricter rule to preservation of federal constitutional objections than to those under state law, then the specificity rule would not be independent of federal law.   But nothing of the kind is asserted here.

**Alternative Merits Analysis**

In the alternative, the Report recommended that each of the three Grounds for Relief be dismissed on the merits (R&R, Doc. No. 15, PageID 848-851 (Ground One), PageID 855-857 (Ground Two), PageID 862-864 (Ground Three). Petitioner objects to all three of these conclusions (Objections, Doc. No. 20, PageID 873-874.) As to all three, Petitioner "incorporates his Traverse argument here as if fully re-written." (Objections, Doc. No. 20, PageID 879, 880, 881.) Having reviewed the arguments, the Magistrate Judge concludes no additional analysis is needed and again respectfully recommends that, if the Court reaches the merits of any of the Grounds for Relief, that Ground should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judges reiterates his initial conclusion: the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner should be denied a certificate of appealability. However, if the Court reaches the merits of the Second Ground for Relief and denies it on the merits, a certificate should be allowed on that question. Because Petitioner has retained counsel, the question of *in forma pauperis* status on appeal need not be addressed at this juncture.

June 20, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).